# No. 11-40572

## In the United States Court of Appeals for the Fifth Circuit

JERRY HARTFIELD,
*Petitioner-Appellee-Cross Appellant,*

v.

RICK THALER, DIRECTOR
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
CORRECTIONAL INSTITUTIONS DIVISION
*Respondent-Appellant-Cross Appellee*

---

PETITIONER JERRY HARTIFLED'S
RESPONSE TO THE DIRECTOR'S PETITION FOR REHEARING EN BANC

---


KENNETH R. HAWK, II
Assistant Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(469) 362-8506
FAX: (469) 362-6010
Texas Bar No.09243650
*Attorney for Appellant*

AMY R. BLALOCK
Research & Writing Specialist
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
Texas Bar No. 02438900
*Attorney for Appellant*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT OF COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

### FEDERAL CASES


Adams v. Texas, 448 U.S. 38 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Hartfield v. Quarterman, 603 F. Supp. 2d 943 (S.D.Tex. Feb 25, 2009). . . . . . . 7

Hartfield v. Director, TDCJ-CID, 2011 WL. 1630201
(E.D.Tex. Apr 29, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hoyle v. Ada County, 501 F.3d 1053 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . 15

Walck v. Edmondson, 472 F.3d 1227 (10th Cir. 2007). . . . . . . . . . . . . . . . . . 15

Williams v. Taylor, 529 U.S. 420 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Witherspoon v. Illinois , 391 U.S. 510 (1968). . . . . . . . . . . . . . . . . . . . . . . . . . 1


### STATE CASES


Bain v. Coats, 244 S.W. 130 (Tex. Comm'n App.1922, judgm't adopted). . . . . . 8

Vinson v. W.T. Carter & Bro., 166 S.W. 363 (Tex. 1914). . . . . . . . . . . . . . . . 14

Evans v. State, 614 S.W.2d 414 (Tex. Crim. App. 1980). . . . . . . . . . . . . . . . . . 2

Harris v. State, 485 S.W.2d 284 (Tex.Crim.App. 1972). . . . . . . . . . . . . . . . . . . 9

Hartfield v. State, 645 S.W.2d 436 (Tex. Crim. App. 1980). . . . . . . . . . . . 1,2,3,4

Montemayor v. Ortiz, 208 S.W.3d 627
(Tex.App.-Corpus Christi 2006 pets. denied). . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ex parte Nickerson, 893 S.W.2d 546 (Tex. Crim. App. 1995). . . . . . . . . . . . . . 9

Fearance v. State, 620 S.W.2d (Tex.Crim.App. September 17, 1980). The. . . . . 2

Frazier v. Moore, 252 Fed. App'x. 1 (6th Cir.2007). . . . . . . . . . . . . . . . . . . . . . 10

Oil Field Haulers Association v. R.R. Commission, 381 S.W.2d 183 (Tex.1964). 8

Pierson v. State, 614 S.W.2d 102 (Tex.Crim.App. September 17, 1980). . . . . . . 2

## FEDERAL STATUTES

28 U.S.C. §2241.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 2254(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. App. P. Rule 25. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# PRELIMINARY STATEMENT

In 1977, a Texas state jury convicted petitioner Jerry Hartfield of the capital murder of Eunice Lowe. The jury subsequently assessed Mr. Hartfield's punishment at death and the state trial court sentenced him accordingly. Mr. Hartfield appealed his conviction to the Texas Court of Criminal Appeals.

On September 17, 1980, the Texas Court of Criminal Appeals unanimously reversed Mr. Hartfield's conviction and sentence due to Witherspoon error. See Hartfield v. State, 645 S.W.2d 436, 441 (Tex. Crim. App. 1980).[1] It should be noted that Mr. Hartfield raised other meritorious issues in his brief, including the admissibility of statements he made to law enforcement during a lengthy, custodial ride from Kansas to Texas. Mr. Hartfield also contended that several comments in the State's closing argument, including the statement that Mr. Hartfield took "out his hostility on a white woman" was prejudicial and rose to the level of reversible error. The prosecutor also argued, using somewhat graphic if not outright vulgar terms, that Mr. Hartfield had sexual intercourse with the victim after she was dead. This extraneous information was never pleaded, much less proven.

[1] Witherspoon v. Illinois , 391 U.S. 510 (1968).

As the panel in this case noted, "the court did not consider Hartfield's other arguments regarding the propriety of his conviction, which also could have caused reversal". Hartfield v. Thaler — F.3d ---, 2012 WL 4788410 (5th Circuit, October 09, 2012). The Texas Court of Criminal Appeals reached only the Witherspoon error and remanded Mr. Hartfield's case for a new trial because the jurisprudence at the time required this remedy. See Hartfield v. State, 645 S.W.2d 436, 441 (Tex. Crim. App. 1980).[2]

This was not entirely uncommon in Texas in 1980. Mr. Hartfield's case was one of three cases reversed by the Court of Criminal Appeals on the same day for the same reason. See also Pierson v. State, 614 S.W.2d 102 (Tex.Crim.App. September 17, 1980) and Fearance v. State, 620 S.W.2d (Tex.Crim.App. September 17, 1980). The reversal in these cases were due to the Supreme Court's decision in the Randall Dale Adams case decided on June 25, 1980. See Adams v. Texas, 448 U.S. 38, 43-45 (1980) (extending Witherspoon's holding to the punishment phase of a capital case).

The State was not satisfied with the Court of Criminal Appeals' decision and began legal maneuvers to overcome the Court's ruling. The State moved for leave

[2]Pursuant to Texas law at the time, the Court of Criminal Appeals reversed Hartfield's conviction and remanded the case for an entire new trial. See Hartfield, 645 S.W.2d at 441; Evans v. State, 614 S.W.2d 414 (Tex. Crim. App. 1980).

to file a motion for rehearing.[3] The Court granted leave on November 26, 1980. On January 26, 1983, the court denied rehearing in a written opinion. See Hartfield, 645 S.W.2d at 441-42. The State then moved for leave to file a second motion for rehearing. On March 4, 1983, the Court of Criminal Appeals denied that motion and issued its mandate to the trial court in the following words:

> [I]t is ordered, adjudged and decreed by the Court that the judgment be reversed and the cause remanded for further proceedings in accordance with the opinion of this Court and that this decision be certified below for observance.

On March 15, 1983—**eleven days after the court's mandate issued—**then-Governor Mark White issued a proclamation, at the State's request, purporting to commute Hartfield's death sentence to life imprisonment.

On March 23, 1983, the District Clerk of Wharton County sent the Court of Criminal Appeals a postcard stating that the Court's mandate had been carried out and executed by Governor Mark White, noting that the death sentence had been commuted to life imprisonment. On March 28, 1983, the Board of Pardons and Paroles sent notification of the commutation to the Court of Criminal Appeals.

---

[3]The state argued that the court should reform Mr. Hartfield's sentence to life imprisonment rather than remand for a new trial or, alternatively, give the State a reasonable period of time to seek a commutation of Mr. Hartfield's sentence from the governor.

Mr. Hartfield has remained in state custody since that time, and is currently being held at the Texas Department of Criminal Justice.

It should be noted that the Texas Court of Criminal Appeals' mandate was never recalled, its decision never overturned, the conviction never reinstated; yet Mr. Hartfield never received the "entirely new trial" ordered by the court. Hartfield, 645 S.W.2d at 442.

Mr. Hartfield has remained in state confinement for nearly three decades, serving what the State contends is a commuted life sentence. It is significant to note that Mr. Hartfield has never received parole, despite the fact that the Director contends he is serving a life sentence which would certainly make him eligible for parole.

In 2007, the Court of Criminal Appeals summarily rejected, in rapid succession, Mr. Hartfield's first application for a writ of habeas corpus, his application for leave to file a mandamus petition, and his second application for a writ of habeas corpus.

Mr. Hartfield then filed a federal habeas application, *pro se*, on October 22, 2007 in the Southern District of Texas. On January 29, 2009, the United States Magistrate Judge issued a Report finding that the case was a pre-conviction habeas

corpus application under 28 U.S.C. §2241 and thus governed by that statute's venue provisions, and was not precluded by the statute of limitations. The Magistrate Judge agreed with Mr. Hartfield's contentions that he was not "in custody pursuant to the judgment of a state court" and that the Governor's commutation was of a judgment, under law, that no longer existed. The Report also recommended that the case be transferred to the Eastern District of Texas.

On February 25, 2009, the District Court in the Southern District of Texas accepted the Magistrate Judge's recommendation and transferred the case to the Eastern District of Texas. On April 29, 2011, the District Court adopted the Magistrate Report. The District Court agreed with Mr. Hartfield's position that he was not in custody pursuant to the judgment of a state court and that the Governor's commutation was of a judgment that no longer existed. The District Court also dismissed Mr. Hartfield's application for writ of habeas corpus without prejudice due to non-exhaustion of state remedies.

The State persists in its argument that Hartfield is being held pursuant to the 1977 judgment of the state trial court. This is the same judgment which was appealed, reversed, and vacated. As the Panel opinion describes the State's argument, the vacated judgment was " maybe, revived in some way by the Governor' s order and the Texas Court of Criminal Appeals' silence."

Two magistrate judges and two district courts have already disagreed, determining that the reversal of Hartfield's conviction by the Court of Criminal Appeals in 1980 eliminated the 1977 judgment of conviction, and it remained eliminated even after the proclamation by the Governor.

The Panel in this case agreed with the two federal courts below and concluded:

> The mandate from the Texas Court of Criminal Appeals reversed the judgment of conviction. No court entered any order thereafter to alter that reversal. The events that allegedly make this simply a dispute about a possibly reversed judgment were not judicial acts. They were acts of another branch of government with no authority to alter the rulings of courts. Had the Court of Criminal Appeals stated in its original decision that a commutation would reinstate the judgment, or had a motion been filed after the commutation that sought a ruling on the effect of the commutation, the court's explanations would largely control. Controlling instead is the unrevised final act of the highest Texas court, which was to reverse the judgment of conviction.
> Hartfield is not " in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Hartfield's claim encounters no time bar. Hartfield v. Thaler at p. 12.

## ARGUMENT

I. THE PANEL CORRECTLY DETERMINED THAT MR. HARTFIELD IS NOT A PERSON IN CUSTODY PURSUANT TO THE JUDGMENT OF A STATE COURT. MR. HARTFIELD'S PETITION IS NOT TIME-BARRED BY THE AEDPA.

Two federal district courts and a panel of this Court have now held that Mr. Hartfield is not a person in custody pursuant to a judgment of a state court. See Hartfield v. Quarterman, 603 F.Supp.2d 943 (S.D.Tex. Feb 25, 2009), Hartfield v. Director, TDCJ-CID, 2011 WL 1630201 (E.D.Tex. Apr 29, 2011) and Hartfield v. Thaler --- F.3d ---, 2012 WL 4788410 (5th Circuit, October 09, 2012).

In challenging these rulings, the Director persists in his argument that somehow a judgment exists. The Director also presents all types of dire scenarios and "straw man" arguments regarding the consequences of this Court finding otherwise. Mr. Hartfield contends, and it is his fervent wish, that his case is the only case in Texas jurisprudence where an inmate was granted an entirely new trial by the Texas Court of Criminal Appeals; yet, nevertheless, he has been imprisoned for over thirty years without a retrial. If there are other cases fitting this description, then the "floodgates" the Director so fears should, in fact, be opened.

The Director states that "Hartfield cannot win his freedom in federal habeas proceedings without first overcoming the state trial court's judgment as a lawful basis

for detention. This marks him as ‘a person in custody pursuant to the judgment of a State court’, one who is subject to the various limitations Congress has imposed upon those who would use federal courts to strike at state courts.”. *Director’s Petition for Rehearing En Banc* at 31.

The Director misunderstands Mr. Hartfield’s position. Mr. Hartfield is not mounting a collateral attack on an otherwise valid judgment. Rather, Mr. Hartfield comes to this Court as a last resort to rectify the State of Texas’ fundamental misunderstanding of both the posture of Mr. Hartfield’s case as well as his custodial status.

Mr. Hartfield contends that, when the Court of Criminal Appeals issued its mandate ordering a retrial, the judgment in this case ceased to exist. It became null and void. This is not a case where the judgment was “invalid”, it is a case where the judgement was completely vacated. When a judgment is vacated, “it is entirely destroyed, and the rights of the parties are left as if no such judgment had ever been entered.” Bain v. Coats, 244 S.W. 130, 134 (Tex. Comm'n App.1922, judgm't adopted); see Oil Field Haulers Ass'n v. R.R. Comm'n, 381 S.W.2d 183, 188 (Tex.1964) (holding that vacated judgment cannot under any circumstances be final judgment).

It is axiomatic that the legal effect of the Court of Criminal Appeals' vacatur of the trial court's judgment was to return all parties and property interests to what they were before the case went to trial or any hearings had been held. Cf. Montemayor v. Ortiz, 208 S.W.3d 627, 665 (Tex.App.-Corpus Christi 2006 pets. denied) (holding that granting of new trial has legal effect of vacating judgment and returning case to trial court docket as though there had been no trial or hearing). The legal effect of a final judgment on appeal reversing a conviction is the same " as if the jury had been unable to agree on a verdict." Harris v. State, 485 S.W. 2d 284, 285 (Tex.Crim.App. 1972); see also Ex parte Nickerson, 893 S.W.2d 546, 548 (Tex. Crim. App. 1995) ("Because no conviction remains when the judgment has been reversed and remanded for a new trial, the sentence is no longer in effect; it has ceased to operate because it no longer exists.").

The Director contends that the Panel "misunderstood its role within the federal system" and made an incorrect "*Erie* guess" regarding the status of the long-nullified judgment in Mr. Hartfield's case. *Director's Petition for Rehearing En Banc* at 9. Such assertion is unsupported.

In this case, the executive branch did not have the authority to order a commutation to life when an entirely new trial had been ordered and questions over guilt/innocence persisted. The Executive branch either overlooked or ignored the

power of a judicial mandate and the effect of a new trial. Further, a commutation to life was never sought by Mr. Hartfield, and it was not an appropriate remedy in this case given the meritorious guilt/innocence issues presented in his Appellant's brief to the Court of Criminal Appeals.

As an anchor in his argument, the Director relies heavily on the unpublished Sixth Circuit case to bolster its argument regarding the "folly" of the Panel Court's opinion. Frazier v. Moore, 252 Fed. App'x. 1 (6th Cir.2007). Further, the Director characterizes Frazier and the Panel opinion as a split between circuits that should be avoided at all costs.

However, there are clear and distinct factual and legal distinctions that between Mr. Hartfield's case and the Frazier case that lead to the inescapable conclusion that the Director's reliance on Frazier is entirely misplaced and ectopic.

While the Frazier Court did articulate the phrase that a defective state court judgment "does not lead to the conclusion that there was no judgment for the purpose of [AEDPA]'s one year statute of limitations", it did so in an entirely different context than the case at bar.

For instance, the Frazier case (from Ohio) did not involve the highest court in Ohio vacating Frazier's conviction and ordering that he be given a new trial. The Hartfield case does present exactly that scenario.

Further, the Frazier case represents a true collateral attack on an otherwise valid judgment in that Frazier attacked the manner and process by which the trial Court entered his judgment. Mr. Hartfield makes no such attack on the process by which his judgment was entered. Instead, he attacks the way the State of Texas has denied him the trial that its highest criminal court has ordered.

The Frazier case and Mr. Hartfield's case are also not comparable because the Frazier case involves a potentially invalid or deformed judgment and the Hartfield case concerns a legally non-existent judgment. Frazier is simply inapposite to the present case.

The Director also argues in its Petition for Rehearing En Banc that the Panel misconstrued state law in their analysis of the issue. Mr. Hartfield contends that the Panel and both federal District Courts were correct in their characterization of his Petition. The Court of Criminal Appeals' mandate, which reversed and remanded Mr. Hartfield's case for a new trial, nullified the trial court's judgment and returned the case to its pretrial status. Further, Mr. Hartfield has not been convicted or

sentenced by any state court in the meantime. Mr. Hartfield, therefore, is simply and clearly not being held pursuant to a state court judgment. See Nickerson, 893 S.W.2d at 548 (holding that "no conviction remains when the judgment has been reversed and remanded for a newtrial" and that " the sentence is no longer in effect . . . because it no longer exists."); see also Tex. R. App. P. 21.9 ("Granting a new trial restores the case to its position before the former trial").

The Director maintains that, because Hartfield and the Director have "joined issue" over whether a state court judgment supports lawful detention, then Hartfield is subject to the one-year statute of limitations. Such is inconsistent with the nature of the Mr, Hartfield's claim. The issue is not joined as to whether a state court judgment supports lawful detention. To the contrary, Mr. Hartfield asserts that his detention is, in fact, without a state court judgment - not that there is a judgment and that he is being unlawfully detained. This is not a matter of an invalid judgment, such as a case where the trial court entered an incorrect term of sentence that conflicts with the spoken order stated at the time of sentencing. Nor is Mr. Hartfield's case one where the highest criminal court in the state (as in Frazier) affirmed the judgment. See Frazier. Rather, the judgment in this case is a nullity since the Texas Court of Criminal Appeals issued its mandate ordering an entirely new trial

Perhaps the alternative argument illustrates the impossibility of the Director's position. Were we to follow The Director's reasoning, it would be entirely appropriate for a criminal defendant to be without recourse in the face of an appellate reversal so long as some member of the state's executive branch imposed sentence. This would then open the floodgates for State officials to circumvent and ignore appellate court review and impose sentences unilaterally and at their whim - even in the face of trials that are judicially determined to have been constitutionally unfair and illegal. Little else needs to be said to reveal the folly and repugnance of this logic.

Although the Director claims that a *de facto* judgment is in place against Mr. Hartfield, cobbled together from various legal machinations and assumptions, Mr. Hartfield contends that none of these maneuvers have created or restored a judgment that was unanimously vacated and reversed by Texas' highest criminal court.

A state governor does not have the authority to commute a sentence for a conviction that no longer exists.[4] The Texas Constitution, by expressly granting the

---

[4]The Director has attempted to bring the governor's March 15, 1983 proclamation within Rule 310's fifteen day window by arguing that the Court of Criminal Appeals's " ruling on the final motionfor rehearing" was its March 1, 1983 order denying the State leave to file a second motion for rehearing, not its January 26, 1983 ruling on the first motion for rehearing. This argument misreads Rule 310. Rule 310's time limit ran from the court's "ruling on the final motion for rehearing," not the court's ruling on the final motion for leave to file a motion for rehearing. The distinction is important: a court cannot rule on a motion for rehearing if it does not allow the motion to be filed. Otherwise, if a ruling denying leave were considered a ruling on the motion for rehearing itself, then Rule 310 would have allowed losing parties to prevent the court's mandate from ever

power of commutation only " after conviction," makes it clear this is so. Mr. Hartfield has not found any Texas court that has held it possible.

The Director cannot convert the commutation into a state judgment where a judgment does not already exist. There is no state judgment. The fact that a state actor detains a citizen pursuant to paperwork purporting to be a "judgment" of a state court cannot by itself satisfy the "judgment" requirement of 28 U.S.C. § 2254(a). The statutory term "judgment," like all terms in statutes that are not specifically defined, must be interpreted based on its "ordinary, contemporary, common meaning." Williams v. Taylor, 529 U.S. 420, 431 (2000). The ordinary, contemporary, common meaning of a criminal "judgment" is a formal order by a court adjudicating a defendant guilty and imposing some type of sentence in accordance with the applicable law.

In Mr. Hartfield's case, the only judgment fitting this definition was reversed and vacated by the Court of Criminal Appeals and, thus, rendered null and void on March 4, 1983.

---

issuing by filing successive motions for leave. For completeness's sake, this rule admits one exception. A court's denial of a single motion for leave is considered a motion on the motion for rehearing itself; if it were not, then Rule 310's fifteen-day clock would never start to run and the court's mandate would never issue. *Cf.* Vinson v. W.T. Carter & Bro., 166 S.W. 363, 363 (Tex. 1914). Because the State filed more than one motion for leave, that exception is inapplicable here.

For the foregoing reasons, Mr. Hartfield urges this Court to find the inescapable conclusion that he is not being held in state custody pursuant to a judgment within the meaning of § 2254(a). Accordingly, because Mr. Hartfield's case is a § 2241 pre-conviction habeas corpus action rather than a § 2254 post-conviction action, the AEDPA, including its statute of limitations, does not apply. See Hoyle v. Ada County, 501 F.3d 1053, 1058-59 (9th Cir. 2007); Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007). Mr. Hartfield respectfully prays that this Court will in all things deny the Director's Petition for Rehearing En Banc.

## CONCLUSION

Mr. Hartfield respectfully prays that this Court will in all things deny the Director's Petition for Rehearing En Banc.

Respectfully submitted,
<u>/S/ Kenneth R. Hawk, II</u>
**KENNETH R. HAWK, II**
Assistant Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
Texas Bar Card No. 09243650

<u>/S/ Amy R. Blalock</u>
**AMY R. BLALOCK**
Legal Research and Writing Specialist
Office of the Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
Texas Bar Card No. 02438900

# CERTIFICATE OF SERVICE

I certify that on the 9th day of November 2012, I served two (2) copies of the foregoing Appellant's Suggestion for Rehearing En Banc on the following individuals by electronic mail, or by other recognized means pursuant to Fed. R. App. P. Rule 25:

James Patrick Sullivan
Assistant Solicitor General
Office of the Attorney General
State of Texas
Austin, Texas

Further, I certify that on the above date, I served one (1) copy of the foregoing Brief of Appellant on the following individual by depositing same, enclosed in post paid, properly addressed wrapper, in a Post Office or official depository, under the care and custody of the United States Postal Service, or by other recognized means:

JERRY HARTFIELD
USM #353178
HUGHES UNIT
3201 F.M. 929
GATESVILLE, TX 76597

/S/ Kenneth R. Hawk, II
**KENNETH R. HAWK, II**