ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

JAMES P. SULLIVAN
ASSISTANT SOLICITOR GENERAL

(512) 936-2923
JAMES.SULLIVAN@TEXASATTORNEYGENERAL.GOV

July 12, 2013

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

Re: No. 11-40572; *Hartfield v. Stephens*

Dear Mr. Cayce:

By this letter, which should be filed in the above-captioned case and circulated to the panel, the Director responds to the Court's request of July 8, 2013. In keeping with the instructions provided by your Deputy Clerk, Mr. Conners, this letter borrows from the Director's letter of July 3, 2013. Thank you for your assistance.

The CCA has answered this Court's certified question as follows: "The status of the judgment of conviction is that [Hartfield] is under no conviction or sentence." *Hartfield v. Thaler*, No. AP-76,926, slip op. at 10–11 (Tex. Crim. App. June 12, 2013). This Court has "solicit[ed] the opinion(s) of all counsel as to how to proceed with this appeal in light of [the CCA's] opinion." *Hartfield v. Stephens*, No. 11-40572 (5th Cir. July 8, 2013) (per curiam).

The Director and his counsel are surprised to learn that the judgment pursuant to which Hartfield was detained is invalid. The CCA has spoken, however, and its state-law ruling commands respect. Accordingly, the State of Texas will promptly seek a judgment against Hartfield by proceeding to trial on his indictment for murdering Eunice Lowe with a mattock during a robbery or attempted robbery. Meanwhile, Hartfield will be detained by authority of that indictment. Hartfield has already filed a state habeas application under Article 11.08 of the Texas Code of Criminal Procedure, urging a Speedy Trial Clause claim.

With Hartfield having returned to state court, his federal habeas application should be dismissed. If this Court adheres to its withdrawn opinion, dismissal will be without prejudice due to failure to exhaust. *See Hartfield v. Thaler*, No. 11-40572, slip op. at 12–14 (5th Cir. Oct. 9, 2012); *cf. Hartfield v. Thaler*, No. AP-76,926, slip op. at 10 (Tex. Crim. App. June 12, 2013) (agreeing that Hartfield "has not exhausted state remedies"). Alternatively, this Court could order dismissal with prejudice due to untimeliness under 28 U.S.C. § 2244(d), because the CCA's state-law ruling concerning the validity of the judgment does not speak to the federal-law question whether Hartfield is "a person in custody pursuant to the judgment of a State court" within the meaning of § 2244(d)(1).

At this point, the choice between dismissal with or without prejudice is of little practical consequence. No matter which type of dismissal this Court chooses for Hartfield's federal habeas application, further proceedings will necessarily unfold in state court. The most expedient resolution, therefore, would be for this Court to enter a short, unpublished opinion affirming the judgment of the United States District Court for the Eastern District of Texas and directing that the mandate issue forthwith. Doing so promptly will clear the way for the proceedings in state court.

Respectfully submitted,

s/ James P. Sullivan
James P. Sullivan
Assistant Solicitor General
*Counsel for Appellee William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division*

p.s. This letter is being transmitted via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov; it has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses. An electronic copy is being served on today's date, via the Court's CM/ECF Document Filing System, upon counsel for Hartfield.